UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY HOGAN and DANIEL ALTMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>FREEDOM MORTGAGE CORPORATION,<br><br>    Defendant. | Case No. 5:21-cv-00782-JWH-SPx<br><br>**ORDER GRANTING MOTION OF DEFENDANT TO DISMISS COMPLAINT [ECF No. 17]** |

Before the Court is the motion of Defendant Freedom Mortgage Corporation to dismiss the complaint of Plaintiffs Sherry Hogan and Daniel Altman.[1]  The Court finds this matter appropriate for resolution without a hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in opposition,[2] the Court **GRANTS** the Motion, as set forth herein.

## I.  BACKGROUND

Plaintiffs, individually and on behalf of all others similarly situated, commenced this action in May 2021.[3]  In their Complaint, Plaintiffs assert a single claim for relief against Freedom Mortgage for alleged violations of the Real Estate Settlement Procedures Act (the "RESPA"), 12 U.S.C. §§ 2601, *et seq*.[4]  Plaintiffs seek the recovery of statutory damages in connection with their claim.[5]

As alleged in the Complaint,[6] Freedom Mortgage services Hogan's mortgage loan.[7]  Plaintiffs aver that in December 2020, Hogan transmitted (through her counsel) to Freedom Mortgage a Notice of Error and Request for Information letter—also known as a "qualified written request" under the RESPA (the "Hogan QWR"[8])—pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R.

---

[1]  Def.'s Mot. to Dismiss (the "Motion") [ECF No. 17].
[2]  The Court considered the following papers in connection with the Motion:  (1) the Motion (including its attachments); (2) Pls.' Opp'n to the Motion (the "Opposition") [ECF No. 19]; and (3) Def's Reply in Supp. of the Motion (the "Reply") [ECF No. 20].
[3]  *See* Pls. Compl. (the "Complaint") [ECF No. 1].
[4]  *Id.* at ¶ 1.
[5]  *Id.* at ¶ 16.
[6]  The Court assumes the allegations in the Complaint to be true for the purposes of this Motion.  *See, e.g., Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (on motion to dismiss for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party").
[7]  Complaint ¶ 26.
[8]  As discussed below, the RESPA defines a "qualified written request."

§§ 1024.35 & 1024.36.[9] In that letter, Hogan disputed the validity of the debt that she allegedly owed, and she requested information regarding the servicing of her loan.[10] Freedom Mortgage failed to respond within five days of its receipt of the Hogan QWR, in violation of 12 U.S.C. § 2605(e)(1)(A).[11] Eventually, Freedom Mortgage provided some information and documents regarding Hogan's alleged debt, but Freedom Mortgage did not respond to Hogan's request for audio recordings of oral communications between her and Freedom Mortgage.[12]

Approximately three weeks later, Hogan's counsel transmitted to Freedom Mortgage a renewed request for the audio recordings.[13] The next month, Freedom Mortgage responded to Hogan that it declined to provide the recordings because it considered the recordings to be irrelevant, privileged, and confidential.[14]

Plaintiffs allege that Altman had a series of similar communications with Freedom Mortgage.[15] As was the case with Hogan, Freedom Mortgage failed to respond to Altman within five days and refused to provide the audio recordings that Altman requested.[16]

Freedom Mortgage filed the instant Motion in June 2021, and it is fully briefed.

---

[9] Complaint ¶¶ 28 & 29.
[10] *Id.* at ¶ 29.
[11] *Id.* at ¶ 31.
[12] *Id.* at ¶ 32.
[13] *Id.* at ¶ 33.
[14] *Id.* at ¶ 36.
[15] *Id.* at ¶¶ 38-50.
[16] *Id.* at ¶¶ 45 & 49.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### B. Rule 15(a)—Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Therefore,

leave to amend should be granted unless the Court determines "that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

### III. DISCUSSION

The RESPA requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days . . . unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A). A QWR is defined as:

> [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

*Id.* § 2605(e)(1)(B). When the loan servicer receives a QWR, it must either correct the borrower's account or, after investigating, provide the borrower with a written explanation of (1) why the loan servicer believes the account is correct; or (2) why the requested information is unavailable. *See id.* § 2605(e)(2).

The RESPA grants a right of action to borrowers who are injured by a violation of the statute's provisions. *See id.* § 2605(f). In actions by a borrower who is an individual, the borrower may recover "any actual damages to the borrower as a result of the failure," *id.* § 2605(f)(1)(A), and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to

exceed $2,000," *id.* § 2605(f)(1)(B). In class actions, the class may recover "any actual damages to each of the borrowers in the class as a result of the failure," *id.* § 2605(f)(2)(A), and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not greater than $2,000 for each member of the class," *id.* § 2605(f)(2)(B), subject to certain limitations that are not relevant here.

Freedom Mortgage contends that Plaintiffs fail to allege that they sustained actual damages, which is an essential element of a claim under the RESPA and a prerequisite to a claim for statutory damages.[17] The Court agrees.

The Ninth Circuit has repeatedly held that RESPA claims are properly dismissed if the claimant fails to allege actual damages. *See, e.g.*, *Eronini v. JP Morgan Chase Bank NA*, 368 F. App'x 841, 842 (9th Cir. 2010) ("[t]he district court properly dismissed the action because [the plaintiff] suffered no damages as a result of the alleged RESPA violation"); *Carswell v. JP Morgan Chase Bank N.A.*, 500 F. App'x 580, 582 (holding that the district court properly dismissed a RESPA claim because "Plaintiff failed to allege . . . any actual damage, which is required as an element of a RESPA claim").

Plaintiffs aver that they incurred actual damages. First, they assert that the mailing costs to send follow up letters to Freedom Mortgage constitute actual damages.[18] "Costs incurred by a ***debtor*** in mailing QWRs to a loan servicer are 'actual damages' as a result of the servicer's failure to comply with RESPA." *Ruegsegger v. Caliber Home Loans, Inc.*, 2019 WL 8163640, at *10 (C.D. Cal. Jan. 8, 2019) (citing *Marais v. Chase Home Finance, LLC*, 24 F. Supp. 3d 712, 728 (S.D. Ohio 2014)) (emphasis added); *see also Mendoza v.*

---

[17] *See* Motion 7:17-20.
[18] *See* Opposition 8:3-14.

*Wells Fargo Bank, N.A.*, 2021 WL 4932732, *3 (C.D. Cal. Aug. 09, 2021) (granting a motion to dismiss in part because the plaintiff failed to "allege that he or his counsel incurred any . . . costs.").

Here, Plaintiffs concede that their ***counsel*** transmitted the follow-up letters after Freedom Mortgage failed to respond within the statutorily mandated timeframe and after Freedom Mortgage's subsequent refusal to provide the requested recordings.[19] Thus, Plaintiffs alleged that costs were incurred on account of Freedom Mortgage's failure to comply with RESPA,[20] but they have not sufficiently established that they—the individual borrowers— bore those costs.

Second, Plaintiffs allege that the attorneys' fees that they incurred to transmit follow-up letters to Freedom Mortgage constitute actual damages.[21] Some courts have held that "[a]ttorneys' fees incurred in sending a second notice to alert the borrower of its failure to respond to the first . . . are damages flowing from the borrower's failure to respond to the first notice." *Baker v. LoanCare, LLC*, 2020 WL 5078817, at *3 (C.D. Cal. May 22, 2021). Thus, such fees are actual damages. *See id.* (citing *Miranda v. Ocwen Loan Servicing, LLC*, 148 F. Supp. 3d 1349, 1355 (S.D. Fla. 2015)).

Here, however, Plaintiffs' allegations are inexact with respect to the nature of their attorneys' fees. Plaintiffs do not explain , for example, the type of fee arrangement they have with their attorneys; if their fee arrangement is on a contingency basis, then Plaintiffs themselves are not "incurring" attorneys'

---

[19]    *See* Complaint ¶¶ 30-34 & 44-46

[20]    In its Reply, Freedom Mortgage contends that "Plaintiffs allege only that Freedom's failure to provide audio recordings in response to QWR No. 1 is a RESPA violation." Reply at 4:18-20. Freedom Mortgage misstates Plaintiffs' allegations. Plaintiffs also allege that Freedom Mortgage violated RESPA by failing to respond within five days and that the follow-up letters were sent in response to that violation. Complaint ¶¶ 33, 34, 46, & 47.

[21]    *See* Opposition 8:3-14.

fees. Plaintiffs' authorities support the conclusion that *out-of-pocket* legal expenses constitute actual damages.[22] Plaintiffs, however, cite no authority suggesting that fees accrued in a contingency fee arrangement constitute actual damages.

In the absence of allegations showing that Plaintiffs sustained actual damages, Plaintiffs are not entitled to recover statutory damages. *See, e.g.*, *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1000 (11th Cir. 2020) (holding that because actual damages are an essential element of a claim under the RESPA, a plaintiff cannot recover statutory damages in the absence of actual damages); *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 719–20 (8th Cir. 2018) ("A borrower cannot recover 'additional' damages under [12 U.S.C.] § 2605(f)(1)(B) without first recovering actual damages."). Accordingly, the Court will **GRANT** Freedom Mortgage's Motion, but with leave to amend.

## IV.  CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Freedom Mortgage's Motion to Dismiss is **GRANTED**.
2. Plaintiff's Complaint is **DISMISSED with leave to amend**. Plaintiffs are **DIRECTED** to file an amended pleading, if at all, no later than April 22, 2022.
3. If Plaintiffs choose to file an amended pleading, then Plaintiffs are also **DIRECTED** to file contemporaneously therewith a Notice of Revisions to Complaint that provides the Court with a redline version that shows the amendments.
4. If Plaintiffs fail to file their amended pleading by April 22, 2022, then the Court will **DISMISS** Plaintiff's Complaint **with prejudice**.

---

[22] *See id.* at 11:17-28.

5.  The deadline for Freedom Mortgage to file its response to Plaintiffs' operative pleading is May 13, 2022.

**IT IS SO ORDERED.**

Dated: April 7, 2022



John W. Holcomb
UNITED STATES DISTRICT JUDGE